IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | No. 4:14-CR-156 |
| v. | § | Judge Crone |
| | § | |
| CRYSTAL CATTRELL PULLIAM | § | |

**GOVERNMENTS RESPONSE TO PETITION PURSUANT TO FEDERAL RULE OF 60(b)(4) AND THE ALL WRITS ACT FOR RELIEF FROM VOID JUDGEMENT**

The United States of America files this response to Defendant's petition for relief from void judgement in support of its position that the petition be denied.

## I.

### Background

**A. Information and Plea Agreement**

On October 08, 2014, the information was filed charging Crystal Cattrell Pulliam with count one, conspiracy to commit bank fraud in violation of 18 U.S.C § 1349, and count two, using or trafficking in an unauthorized access devise in violation of 18 U.S.C. § 1029(a)(2). On September 25, 2014, Pulliam agreed to waive her rights and enter a plea of guilty on both counts. On September 18, 2015, the plea agreement was accepted by Judge Marcia A. Crone. The defendant was sentenced to 70 months of imprisonment for count one and 70 months of imprisonment for count two with 5 years of supervised release.

## II.

## Petition to Vacate Judgment

### A. Petitioner's Argument

Pulliam argues that the judgment in this case is void pursuant to the All Writs Act and FRCivP 60(b)(4). It seems the petitioner is arguing lack of jurisdiction based on the invalidity of certain statutes. Pulliam alleges that prior to the confirmation of Jeff Sessions as Attorney General of the United States, that the United States did not operate under the Rule of Law, and since that is now the credo of the United States government, 18 U.S.C. § 3231, § 4082, and § 4081, are void as a matter of law and that no valid judgment exists.

Petitioner argues the reasons for lack of jurisdiction are the following: first, that a different bill passed the House than the Senate in the 80th Congress in violation of Article I, Section 7, of the Constitution; second, 18 U.S.C. §3231 is void *ab initio*; third, the DOJ committed fraud because they had knowledge of their own investigation and therefore knew that 18 U.S.C. §3231 was void; fourth, the judge knew or should have known that the statute the DOJ was applying was void; fifth, that the judge did not have all the credentials required to issue a judgment in the case; sixth, the indictment process was invalid as a matter of law; seventh, no transfer of any judgement could be made because the statute allowing for transfer of judgment, 18 U.S.C. §4082, and §4081 are void; eight, the defense violated the Sixth Amendment because defense counsel failed to produce a "dead bang winner"; ninth, the prosecutor committed fraud on the court because the prosecutor knew the complete criminal process was a fraud as determined by their own

investigation, failed to notify the court, and request revocation of petitioner's sentence; lastly, the DOJ committed fraud before Congress when it submitted their annual budget for incarceration fees which included the petitioner.

      Petitioner requests to be released from prison within 72 hours and the court to issue an order for the Department of Justice to pay damages of $3,500 million per day for illegal kidnapping and false imprisonment from the date of the indictment until the date of release.

### B. Government's Response

      Petitioner's belief that the United States did not operate under the rule of law before Jeff Sessions confirmation as Attorney General is invalid. The United States has always and will always operate under the rule of law. Therefore, any statutes passed before Jeff Sessions took office are still valid.  In addition, a court may not exercise personal jurisdiction in a diversity action unless the state's long arm statute authorizes personal jurisdiction under the facts of the case and the exercise of personal jurisdiction is consistent with due process.
U.S. Const. amend. XIV, § 1.

  "A court which lacks personal jurisdiction over a defendant cannot enter a valid judgment against that defendant. However, objections to personal jurisdiction or to service of process must be raised in a timely fashion, i.e., as a party's first pleading in the case, or they are waived." Fed.R.Civ.P. 12(h)(1); *Giannakos v. M/V BRAVO TRADER,* 762 F.2d 1295, 1298 (5th Cir.1985).  Assuming the principles underlying the Fed.R.Civ.P. apply in a criminal context her objection for lack of jurisdiction was not

raised timely. Petitioner waived her right to object to personal jurisdiction, or something similar at the time of her guilty plea.

Federal Rule of Criminal Procedure 11, allows "a defendant to plead not guilty, guilty, or nolo contendere." Fed. R. Crim. P. 11.

> Where the defendant's plea agreement informs of the right to appeal and states that, by entering the plea agreement, he forfeits that right, the waiver is enforceable if 'the record of the Rule 11 hearing clearly indicated that a defendant has read and understands his plea agreement, and that he raised no question regarding a waiver-of-appeal provision.'

*United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994).  The record reflects that Pulliam freely and voluntarily agreed to enter a plea of guilty on September 25, 2014.

The plea agreement further entails that the petitioner waives the right to appeal or contest the conviction, sentence, fine and/or order of restitution or forfeiture in this case on all grounds. The defendant, however, has the right to appeal any punishment in excess of the statutory maximum, and a claim of ineffective assistance of counsel that affects the validity of the waiver or the plea itself. To obtain reversal of a conviction based on ineffective assistance of counsel, a convicted defendant must show that the attorney's performance was deficient and that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). Pulliam argues that defense counsel failed to produce a "dead bang winner" and this does not constitute as ineffective counsel. Conclusory statements by a defendant are not enough to sustain a claim of ineffective counsel. *Sayre v. Anderson,* 238 F.3d 631, 635-36 (5th Cir. 2001). An attorney is not considered ineffective for failing to press a frivolous point. *E.g., Sones v. Hargett,* 61 F. 3d 410, 420-21 (5th Cir. 1995).

## III. Conclusion

Based on the above, Pulliam's claims should be denied. The claim that judgment is void based on a lack of jurisdiction is without merit because when petitioner freely and voluntarily entered a plea of guilty, she waived her right to object to jurisdiction and waived her right to appeal or contest her conviction, sentence, or fine.

        Respectfully submitted,

        Brit Featherstone
        Acting United States Attorney

        _/s/_____
        Christopher A. Eason
        Assistant United States Attorney
        Oklahoma Bar No. 20197
        101 E. Park, Suite 500
        Plano, TX. 75074
        Telephone: (972) - 509-1201

## **CERTIFICATE OF SERVICE**

On the 7th day of June 2017, I certify that a true and correct copy of the government's response to motion was mailed from Plano, Texas, to: Crystal Catrell Pullium, no. 22774-078 Federal Correctional Institution, Inmate Mail/Parcels P.O. Box 5000 Greenville, IL 62246.

        _/s/_____
        Christopher A. Eason
        Assistant United States Attorney