## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | CASE NUMBER 4:14-CR-00156-MAC-CAN |
| v. | § | |
| | § | |
| | § | |
| CRYSTAL CATRELL PULLIAM, | § | |
| | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The Government has moved pursuant to 18 U.S.C. §§ 3613(a) and 3664(n), for an order directing the Bureau of Prisons ("BOP") to turn over to the Clerk of the Court all funds, except $500.00, in Defendant Crystal Catrell Pulliam's inmate trust account as payment toward the criminal monetary penalties imposed in this case [Dkts. 53, 58].  Pulliam has filed written responses/correspondence to the Court regarding the Government's request for turnover [Dkts. 54, 59].  On September 1, 2017, United States District Judge Marcia Crone referred the Government's Application for Turnover [Dkt. 53], as well as Pulliam's correspondence [Dkt. 54] to the undersigned United States Magistrate Judge for consideration and a determination or recommended disposition [Dkt. 56].  Subsequent to such referral, the Government amended the amount sought through turnover and provided the Court with additional information on the status of Pulliam's inmate trust account [Dkt. 58].  Pulliam has had an opportunity to present her response to the same [Dkt. 59].  After reviewing the Application for Turnover [Dkt. 53] and all other relevant filings [including Dkts. 54, 55, 58, and 59], the Court recommends that the Application for Turnover [Dkt. 53] be **GRANTED**.

REPORT AND RECOMMENDATION – Page 1

## APPLICABLE BACKGROUND

Pulliam is currently in federal custody assigned to the Federal Correctional Institution in Coleman, Florida (FCI Coleman) following her conviction for Conspiracy to Commit Bank Fraud (18 U.S.C. § 1349) and Using an Unauthorized Access Device (18 U.S.C. § 1029(a)(2)). On November 19, 2014, Pulliam pleaded guilty to each of the aforementioned charges [Dkts. 16, 19]. At such time, Pulliam agreed to waive any defense or objection to any action to enforce the collection of the financial obligations to be imposed in connection with the prosecution of these charges, including, but not limited to, all collection procedures authorized by 28 U.S.C. § 3001, 18 U.S.C. §§ 3613(f) or 3664(j)(2) [Dkt. 16]. On September 18, 2015, the Court sentenced Pulliam to seventy (70) months imprisonment [Dkt. 42]. Both the original Judgment, and the amended Judgment (which corrected a clerical mistake), include the requirement that Pulliam make restitution in the amount of $508,644.96 [Dkts. 42, 44]. The Judgments, on their face, state that "[i]f the defendant receives an inheritance, any settlements (including divorce settlement and personal injury settlement), gifts, tax refunds, bonuses, lawsuit awards, and any other receipt of money (to include, but not limited to, gambling proceeds, lottery winnings, and money found or discovered) the defendant must, within 5 days of receipt, apply 100% of the value of such resources to any restitution or fine still owed" [Dkts. 42, 44].

On August 28, 2017, the Government moved for an order directing the BOP to turn over to the Clerk of Court all funds held in Pulliam's inmate trust account, as payment toward the criminal penalties imposed in this case, the outstanding balance of which was a $50.00 special assessment and $508,655.96 as of August 8, 2017 [Dkt. 53]. As of August 15, 2017, Pulliam's inmate trust account was represented to hold funds totaling $3,430.78 [Dkt. 53]. Pulliam does not refute the balance of the criminal monetary penalties she still owes. According to Pulliam,

the balance in her trust account represents both gifts received from family, as well as funds in payment for her work detail; Pulliam requests sufficient funds be left in her account for personal use, including specifically to purchase hygiene items and stamps [Dkt. 54].  On September 8, 2017, the Government amended its application for turnover order, seeking turnover of $2,930.78 which would provide Pulliam with $500.00 for personal use [Dkt. 58].

## LEGAL STANDARD AND ANALYSIS

The Government seeks an order authorizing the BOP to turnover funds in Pulliam's inmate trust account to be applied to the amount of restitution Pulliam owes.  As an initial matter, Pulliam's conviction for Conspiracy to Commit Bank Fraud (18 U.S.C. § 1349) and Using an Unauthorized Access Device (18 U.S.C. § 1029(a)(2)) is pertinent to the Government's request, as:

> [t]he [Mandatory Victims Restitution Act ("MVRA")] makes restitution mandatory for certain crimes, "including any offense committed by fraud or deceit," 18 U.S.C. § 3663A(a)(1), (c)(1)(A)(ii), and authorizes the United States to enforce a restitution order in accordance with its civil enforcement powers. **The MVRA broadly permits the United States, notwithstanding any other federal law, to enforce a restitution order "against all property or rights to property of the person fined."**

*United States v. DeCay*, 620 F.3d 534, 539 (5th Cir. 2010) (emphasis added).[1]  Indeed, the MVRA expressly provides that:

> if a person obligated to provide restitution, or pay a fine,  receives substantial resources from any source . . .during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.

18 U.S.C. § 3664(n).  Under such statute, numerous courts have found it appropriate to order the turnover of funds in inmate trust accounts to be applied to restitution:"[the] language [in Section

---

[1] The FDCPA, Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., sets forth the civil enforcement procedures used by the United States to recover monies owed under a restitution order.  The Court has the power to issue a turnover order pursuant to the procedures set forth in the FDCPA.

3664(n)] explicitly demonstrates that any amount a defendant receives during a time of imprisonment can be levied by the United States to reduce that defendant's debt to the government." *United States v. Brewer*, 2016 WL 6652996, *5 (N.D. Tex. Oct. 21, 2016) (quoting *United States v. Cooper*, 2006 WL 3512936, at *3 (D. Kan. Nov. 1, 2006)); *United States v. Hester*, 2016 WL 1007335, at *3 (S.D. Cal. Mar. 14, 2016) (collecting cases where courts have found it appropriate to order the turnover of funds in inmate trust accounts to be applied to restitution).

Here, Pulliam is under a current obligation to pay restitution, and Section 3664(n) applies. Pulliam's inmate trust account shows that she has received "substantial resources" in her account; there have been regular transfers of funds from Western Union or money grams into Pulliam's account. These deposits are usually between $50-$200 and are sometimes made several times during a month. As of August 20, 2017, the ending balance of Pulliam's account was $3,530.78.

Given the clear language in Section 3664(n) and because Pulliam has offered no valid reason why the request for turnover should be denied, the Court should grant the Government's Application for Turnover Order and issue an order directing the BOP to turn over to the Clerk of Court all funds, except $500.00, in Pulliam's inmate trust account as payment toward the criminal monetary penalties imposed in this case. In finding that the Government's requested "carve-out" of $500.00 is appropriate, the undersigned has examined the inmate trust account information submitted by the Government, and has considered Pulliam's request that she be permitted to maintain sufficient funds for necessary personal expenses, including the purchase of personal hygiene items and stamps.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court recommends that the Government's Application for Turnover [Dkt. 53 (as amended by Dkt. 58)] be **GRANTED**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 9th day of October, 2017.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE