IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CASE NUMBER 4:14-CR-00156-MAC-CAN |
| | § | |
| | § | |
| CRYSTAL CATRELL PULLIAM, | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Defendant Crystal Catrell Pulliam, a federal prisoner, has filed a *pro se* Petition Pursuant to Federal Rule of 60(b)(4) and the All Writs Act for Relief from Void Judgment [Dkt. 48]. The Government has filed a Response in opposition [Dkt. 52]. On May 16, 2017, United States District Judge Marcia Crone referred Defendant Pulliam's Petition to the undersigned United States Magistrate Judge for consideration and a determination or recommended disposition [Dkt. 49]. After reviewing the Petition [Dkt. 48] and all other relevant filings, the Court recommends that the Petition [Dkt. 48] be **DENIED**.

APPLICABLE BACKGROUND

Defendant Pulliam is currently in federal custody assigned to the Federal Correctional Institution in Coleman, Florida (FCI Coleman) following her conviction for Conspiracy to Commit Bank Fraud (18 U.S.C. § 1349) and Using an Unauthorized Access Device (18 U.S.C. § 1029(a)(2)). On November 19, 2014, Pulliam pleaded guilty to each of the aforementioned charges [Dkts. 16, 19]. At such time, Pulliam agreed to waive her right to appeal her conviction, sentence, fine and/or order of restitution or forfeiture on all grounds; she further agreed not to contest her conviction, sentence, fine and/or order of restitution or forfeiture in any post-

conviction proceeding, reserving her right to appeal only where punishment imposed was in excess of the statutory maximum and/or any claim of ineffective assistance of counsel [Dkt. 16 at 8-9]. On September 18, 2015, the Court accepted Defendant Pulliam's plea agreement and sentenced Defendant Pulliam to seventy (70) months imprisonment (on each count) with five (5) years of supervised release to follow [Dkt. 42]. Thereafter, on May 15, 2017 (almost two years after her sentencing), Defendant Pulliam filed the instant request for relief (in her criminal cause number), seeking under Rule 60(b)(4) and also the All Writs Act, 28 U.S.C. § 1651, to have the judgment in her criminal case declared void. Defendant Pulliam argues this Court lacks jurisdiction to issue a judgment in her criminal case because (1) a different bill passed the House than the Senate, (2) 18 U.S.C. Section 3231 is void *ab initio*, (3) the DOJ committed fraud because they had knowledge of their own investigation and thus knew that Section 3231 was void, (4) the judge knew or should have known Section 3231 was void, (5) the judge did not have the necessary credentials to issue a judgment, (6) the indictment process was invalid as a matter of law, (7) no transfer of judgment could be made because such statutes are also void, (8) defense counsel violated the Sixth Amendment by failing to procedure a "dead bang winner," (9) the prosecutor committed fraud, and (10) the DOJ committed fraud when it submitted its annual budget for incarceration fees [Dkt. 48 at 7]. On these grounds, Defendant Pulliam demands to be released from prison within 72 hours and to be paid $3,500 million for every day she remains incarcerated [Dkt. 48].

## LEGAL STANDARD AND ANALYSIS

### *RULE 60(b)(4)*

As an initial matter, Federal Rule of Civil Procedure 60(b) provides for relief from a civil judgment or order. Indeed in a civil case, "a judgment may be set aside under Rule 60(b)(4)

when 'the district court acted in a manner so inconsistent with due process as to render the judgment void.'" *F.D.I.C. v. SLE, Inc.*, 722 F.3d 264, 270 (5th Cir. 2013) (quoting *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 210 (5th Cir. 2003)). "Such circumstances are rare because due process in civil cases usually requires only proper notice and service of process and a court of competent jurisdiction. '[P]rocedural irregularities during the course of a civil case, even serious ones, will not subject the judgment to collateral attack.'" *Callon*, 351 F.3d at 210 (quoting *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996)).

However, as this standard makes clear, Rule 60(b)(4) concerns civil cases only. *See United States v. Morgan*, No. 3:09-CR-101, 2017 WL 3098579 (N.D. Tex. May 30, 2017) (collecting cases: *United States v. Bouldin*, 466 Fed.Appx. 327, 328 (5th Cir. 2012) (per curiam) ("To the extent [the defendant's] motion also invoked Rule 60(b), the district court ruled correctly that the Federal Rules of Civil Procedure do not apply to criminal cases." (citing *United States v. O'Keefe*, 169 F.3d 281, 289 (5th Cir. 1999))); *United States v. Pope*, 124 Fed.Appx. 680, 682 (2d Cir. 2005) (per curiam) ("Defendant's claim came to the District Court in the form of a motion pursuant to Federal Rule of Civil Procedure 60(b)(4). This motion is not an appropriate vehicle for defendant's attempt to vacate his criminal conviction because the Federal Rules of Civil Procedure govern 'suits of a civil nature.' Fed. R. Civ. P. 1. While a Rule 60(b) motion may be used 'to set aside a habeas denial' in limited circumstances, it 'does not itself seek habeas relief.' *Harris v. United States*, 367 F.3d 74, 80 (2d Cir. 2004)"); *Altman v. United States*, 271 Fed.Appx. 944, 945 (11th Cir. 2008) (per curiam) ("Rule 60(b) does not provide for relief from judgment in a criminal case." (citing *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) (per curiam); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) (per curiam))); *Grafmuller v. Wegner*, 631 Fed.Appx. 133, 134 (4th Cir. 2016) (per curiam) ("The

Federal Rules of Civil Procedure do not provide a vehicle by which [petitioner] may challenge his criminal judgment." (citations omitted))). The aforementioned authority thus prohibits the Court's consideration of Defendant Pulliam's Petition under Rule 60(b)(4); the Federal Rules of Civil Procedure do not provide a vehicle by which she may challenge her criminal conviction in her criminal cause.[1]

## *ALL WRITS ACT*

A similar conclusion must be reached as to Defendant Pulliam's argument under the All Writs Act; Defendant Pulliam also argues the All Writs Act, 28 U.S.C. § 1651, as a basis by which she may challenge the judgment in her criminal case. But, Fifth Circuit precedent is clear in this regard, "[t]he All Writs Act [does] not confer subject-matter jurisdiction upon [an appellant's p]etition for [r]eview, because that Act does not create an independent basis of jurisdiction." *See United States v. Morgan*, 2017 WL 3098579 (citing *Brown v. United States*, 116 Fed.Appx. 526, 527 (5th Cir. 2004) (per curiam)). As such, the All Writs Act is not a basis by which Defendant Pulliam may seek review of the judgment in her criminal case.

Notwithstanding this fact, certain extraordinary writs may be sought under the Act, such as a writ of error coram nobis which the Court now turns to discuss. *See United States v. Drobny*, 955 F.2d 990, 996 (5th Cir. 1992) ("The ancient coram nobis remedy survives under the All Writs Statute, 28 U.S.C. § 1651." (citations omitted)); *Correz-Negron v. United States*, 473 F.2d 684, 685 (5th Cir. 1973) ("Despite the express abolition of coram nobis relief in federal

---

[1] *See also United States v. Masserano*, Crim. A. No. H-92-0225 & Civ. A. No. H-06-2980, 2007 WL 470649, at *3 (S.D. Tex. Feb. 12, 2007) ("[B]ecause Masserano is challenging his criminal judgment of conviction, not his prior § 2255 proceeding, Rule 60(b)(4) is inapplicable and cannot provide him any relief on the claims he alleges herein."); *United States v. Aird*, Crim. No. 98-0057-WS, 2008 WL 2157146, at *2 (S.D. Ala. May 14, 2008) ("With respect to Aird's motion seeking vacatur of the judgment under Rule 60(b)(4) of the Federal Rules of Civil Procedure, a wall of precedent unequivocally forbids him from utilizing Rule 60(b) in this manner." (collecting cases, including *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) ("Rule 60(b)(4) is a civil motion that is not available to an individual challenging his sentence" in criminal proceedings.))).

civil actions, Fed. R. Civ. P. 60(b), it is still available with respect to criminal convictions under the All Writs Statute, 28 U.S.C.A. § 1651(a)." (citing *United States v. Morgan*, 346 U.S. 502 (1954))). To be certain, "[c]oram nobis is only available to correct errors of the most fundamental character where the circumstances are compelling to achieve justice. Furthermore, coram nobis normally lies only when the petitioner is no longer in federal custody. Where a petitioner is still in federal custody, as is the case here, relief from a prior invalid conviction must be sought by means of [Section] 2255." *See United States v. Morgan*, 2017 WL 3098579 (quoting *Correz-Negron*, 473 F.2d at 685). Because Defendant Pulliam remains in custody, coram nobis relief is not available to her, and for this additional reason, the All Writs Act is not a basis by which she may seek review of the judgment in her criminal case.[2]

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court recommends that Defendant Pulliam's Petition Pursuant to Federal Rule of 60(b)(4) and the All Writs Act for Relief from Void Judgment [Dkt. 48] be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

---

[2] While the Court does not reach the merits of Defendant Pulliam's claims, it notes that Defendant Pulliam has filed a 2255 Motion (pending in Cause No. 4:16-CV-591); the Court further reiterates that Defendant Pulliam in connection with entry of her plea (which she freely and voluntarily entered) waived her right to object to personal jurisdiction and/or her right to appeal.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 18th day of October, 2017.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE