UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:14-CR-156-SDJ |
| | § | |
| CRYSTAL CATRELL PULLIAM | § | |

## ORDER

Before the Court is Defendant Crystal Catrell Pulliam's Motion for Early Termination of Supervised Release. (Dkt. #67). Both the Government and the Probation Officer oppose Pulliam's request for early termination of supervised release. Having considered the motion, the Probation Officer's recommendation, and the relevant law, the Court concludes that Pulliam's motion should be **DENIED**.

### I. BACKGROUND

On September 18, 2015, the Court sentenced Pulliam to seventy months' imprisonment followed by supervised release for five years after she pleaded guilty to conspiracy to commit bank fraud and to using an unauthorized access device. (Dkt. #38, #42). On August 24, 2018, Pulliam was released from prison and began her supervised release. Now, Pulliam requests that the Court terminate her supervised release. In support, Pulliam states that, since her release, she: (1) spent six months in a halfway house and graduated from the "TDAP" program; (2) got an apartment with her girlfriend and later moved in with her sister; (3) has maintained a job as a receptionist and office manager at Waldo Tattoos; (4) is raising her daughters; (5) spends time mentoring young women at her church; (6) has committed no new crimes; and (7) has not violated the terms of her supervised release. (Dkt. #67).

Pulliam asserts that her compliance with the conditions of her release, successes in rehabilitation, and low risk of recidivism warrant an early termination of her supervised release.

## II. LEGAL STANDARD

A district court may terminate supervised release at any time after the expiration of one year if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *accord United States v. Emeary*, No. 4:05-CR-15, 2017 WL 9477642, at *1 (E.D. Tex. Feb. 22, 2017) (citing, among others, *United States v. Johnson*, 529 U.S. 53, 59–60, 120 S.Ct. 1114, 146 L.Ed.2d 39 (2000)). "While district courts enjoy considerable discretion in determining when the interests of justice warrant early termination, 'courts have consistently declined to grant such relief just because the defendant has complied with his conditions.'" *Emeary*, 2017 WL 9477642, at *1 (quoting *United States v. McClain*, No. 99-CR-93, 2009 WL 854107, at *1 (E.D. Wis. Mar. 30, 2009)); *accord United States v. Longerbeam*, No. 08-0017, 2016 WL 4046896, at *2 (D.D.C. July 27, 2016) ("[W]hile the Court commends defendant for his law-abiding conduct and personal successes, such activities are expected of a person on supervised release and do not amount to 'exceptionally good behavior' or 'something of an unusual or extraordinary nature in addition to full compliance.'"); *United States v. Etheridge*, 999 F.Supp.2d 192, 196 (D.D.C. 2013) (noting that "even perfect compliance with conditions of release does not qualify as 'exceptionally good behavior'

warranting early termination"); *United States v. Hayes*, No. 01-311, 2013 WL 5328874, at *1 (E.D. La. Sept. 20, 2013) (denying defendant's motion for early termination of supervised release where he had "done very well on supervised release," including complying with all terms); *United States v. Jones*, No. V-11-21, 2013 WL 2417927, at *1 (S.D. Tex. June 4, 2013) ("Generally, compliance with the terms of supervised release and with the law alone is not enough to warrant early termination; such conduct is expected and required." (citation omitted)); *Folks v. United States*, 733 F.Supp.2d 649, 651–52 (M.D.N.C. 2010) (holding that "the mere passage of time" does not justify early termination); *see also Karacsonyi v. United States*, 152 F.3d 918, 1998 WL 401273, at *1 (2d Cir. 1998) (unpublished table decision) ("Full compliance, after all, is merely what is expected of all people serving terms of supervised release."). Instead, courts typically grant early termination "only in cases with new or unforeseen circumstances, or where the defendant's behavior has been exceptionally good." *McClain*, 2009 WL 854107, at *1; *accord United States v. Robinson*, No. 2004-0005, 2016 WL 3702961, at *9–10 (D.V.I. July 7, 2016).

### III. DISCUSSION

Here, having weighed the relevant Section 3553(a) factors, the Court finds that Pulliam's post-release conduct does not warrant early termination of her supervised release. Although the Court lauds Pulliam's compliance with the terms of her supervised release and her efforts to rehabilitate herself, including her steady employment and mentoring activities, Pulliam has not presented any new, unforeseen, or exceptional circumstances that would warrant early termination.

3

Pulliam's supervised release is not intended solely to punish her for her past conduct but to ensure both the future safety of the community and Pulliam's successful rehabilitation into that community. In addition, the amount of restitution Pulliam owes is considerable—over $500,000 as of the date of her sentencing—and continued supervision will assist in ensuring that the victims of her crimes are restored. Therefore, the Court finds no reason to remove supervision at this time.

### IV. CONCLUSION

For the foregoing reasons, it is therefore **ORDERED** that Defendant Crystal Catrell Pulliam's Motion for Early Termination of Supervised Release, (Dkt. #67), is **DENIED**.

**So ORDERED and SIGNED this 6th day of December, 2021.**

```
_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE
```